2014 ND 111

**Nichole L. FRANCIS, Petitioner**

v.

**Leon FRANCIS, Respondent and Appellant.**

**No. 20130317.**

Supreme Court of North Dakota.

June 4, 2014.

Nichole L. Francis, petitioner; no appearance.

Leon Francis, self-represented, Fargo, ND, respondent and appellant.

CROTHERS, Justice.

[¶ 1] Leon Francis appeals from a domestic violence protection order prohibiting contact with his wife, Nichole L. Francis, granting Nichole Francis temporary custody of their minor children and restricting him to supervised visitation with their children. Leon Francis argues that the district court violated his due process rights by refusing to continue the hearing, erred in allowing a nonlawyer domestic violence advocate to essentially act like a lawyer in court proceedings, failed to make findings of fact supporting its order, erred in excluding evidence he presented and erred in requiring supervised visitation with his children. We reverse and remand.

I

[¶ 2] Nichole Francis obtained a temporary domestic violence protection order on July 29, 2013 after an incident on July 26, 2013. A domestic violence protection order hearing was scheduled for August 8, 2013, but was continued to August 15, 2013 at the request of the domestic violence advocate appearing with Nichole Francis. The district court admitted into evidence Nichole Francis's affidavit in support of her petition, photographs of her alleged injuries from the incident, and testimony from Nichole Francis and Leon Francis given during the hearing. Nichole Francis's testimony was presented to the court through direct and redirect questioning from the domestic violence advocate.

[¶ 3] The district court determined a sufficient showing of actual or imminent domestic violence was made under section 14–07.1–02(4), N.D.C.C. The district court issued a domestic violence protection order on August 15, 2013, granted Nichole Francis custody of their minor children and outlined supervised visitation terms for Leon Francis. Leon Francis appealed.

## II

[¶ 4] "A trial court has great latitude and discretion in conducting a trial and, absent an abuse of discretion, its decision on matters relating to the conduct of a trial will not be set aside on appeal." *Selzler v. Selzler*, 2001 ND 138, ¶ 10, 631 N.W.2d 564. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Peters–Riemers v. Riemers*, 2001 ND 62, ¶ 7, 624 N.W.2d 83.

"Although the trial court has broad discretion over the presentation of evidence and the conduct of trial, it must exercise this discretion in a manner that best comports with substantial justice. Moreover, we do not construe rules of court to produce absurd or ludicrous results, but we construe them, like statutes, in a practical manner."

*Selzler*, at ¶ 10 (internal citations omitted).

## III

[¶ 5] Leon Francis argues the district court abused its discretion in allowing Glen Hase, an advocate with the Rape and Abuse Crisis Center, to excessively participate in the hearing on Nichole Francis's petition for a domestic violence protection order. Leon Francis alleges the district court erred in giving Hase the same deference as an attorney, specifically taking issue with her preparation of legal documents, conducting direct and redirect examination of Nichole Francis during a hearing, and introducing evidence and asserting objections during the hearing.

[¶ 6] Section 27–11–01, N.D.C.C., states that "[e]xcept as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned. . . ." The North Dakota Supreme Court Administrative Rules allow limited participation of domestic violence advocates in domestic violence proceedings:

"In all proceedings pursuant to Chapter 14–07.1, N.D.C.C., a Certified Domestic Violence Advocate may:

(a) assist the petitioner in completing printed forms for proceedings pursuant to Chapter 14–07.1, N.D.C.C.;

(b) sit with the petitioner during court proceedings; and

(c) at the judge's discretion, make written or oral statements to the court."

N.D. Sup.Ct. Admin. R. 34, § 5. Additionally, "[w]hen providing services pursuant to Section 5, a Certified Domestic Violence Advocate is not engaged in the unauthorized practice of law." N.D. Sup.Ct. Admin. R. 34, § 7.

[¶ 7] During the two domestic violence protection order hearings, Hase requested a continuance after speaking with Nichole Francis and Leon Francis, aided in the completion of a request for continuance form, asserted to the court on behalf of Nichole Francis that Nichole Francis did not agree to a second continuation, conducted direct and redirect examination of Nichole Francis and introduced photographic evidence of Nichole Francis's alleged injuries. The district court essentially treated Hase as Nichole Francis's attorney, actively permitting her participation in developing the record and examining Nichole Francis.

[¶ 8] Hase's participation exceeded that permitted by this Court's administrative rules. N.D. Sup.Ct. Admin. R. 34, § 5. Hase complied with the rules in completing forms, sitting with Nichole Francis

during court and making statements at the district court's request. Hase exceeded the scope of the rules by objecting on behalf of Nichole Francis ("Your Honor, this matter was continued per the Respondent's request on August 8. We're ready to go forward today and do not agree to a continuance, or would not like a continuance at this time."). Hase also exceeded the scope of the rule by conducting Nichole Francis's direct and redirect examination.

[¶ 9] Section 27–11–01, ·N.D.C.C., is clear that a person may not act as an attorney in an action in which the person is not a party, except when otherwise provided. The rules provide for the limited participation of domestic violence advocates, N.D. Sup.Ct. Admin. R. 34, § 5, and the exception should be read narrowly to avoid the unauthorized practice of law. The administrative rules do not allow the district court to permit a domestic violence advocate to represent a party by objecting on their behalf, introducing evidence or examining witnesses. *Id.* The district court abused its discretion by failing to properly apply Rule 34, section 5, N.D. Sup.Ct. Admin. R.

[¶ 10] Having determined the district court abused its discretion, we must determine an appropriate remedy. Leon Francis cited to no authority for resolution of this question, and Nichole Francis did not file a brief on appeal. We therefore are left in the uncomfortable position of drafting a remedy without assistance from the adversarial process.

[¶ 11] Although the district court has broad discretion over the conduct of a hearing, "when the court employs a procedure which fails to afford a party a meaningful and reasonable opportunity to present evidence on the relevant issues, the court has abused its discretion and violated

the party's due process rights." *Gullickson v. Kline,* 2004 ND 76, ¶ 16, 678 N.W.2d 138 (reversing a district court order when the overall tenor and tone of the hearing denied a party the opportunity to present evidence and challenge allegations, resulting in a denial of due process). Here, the district court's failure to correctly apply Rule 34, section 5, N.D. Sup.Ct. Admin. R., resulted in a denial of justice by allowing the domestic violence advocate to participate in the hearing like an attorney. We reverse and remand for a new hearing on Nichole Francis's petition for protective relief.

[¶ 12] Because of our disposition, it is unnecessary to address Leon Francis's remaining issues.

IV

[¶ 13] The district court abused its discretion by allowing a domestic violence advocate to participate in the proceedings beyond that permitted in Rule 34, section 5, N.D. Sup.Ct. Admin. R., thereby denying Leon Francis his right to a fair hearing. We reverse and remand.

[¶ 14] GERALD W. VANDEWALLE, C.J., HARLAN PATRICK WEIR, S.J., DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

[¶ 15] The Honorable HARLAN PATRICK WEIR, S.J., sitting in place of McEVERS, J., disqualified.

SANDSTROM, Justice, concurring.

[¶ 16] I agree the domestic violence advocate in this case exceeded the participation allowed by this Court's administrative rules. I write separately to note that the advocate's participation went far beyond the intended scope of N.D. Sup.Ct. Admin. R. 34; that there was serious misconduct of the advocate beyond the unauthorized practice of law; and that there

are permissible methods for judicial officers to seek the truth in hearings such as this when neither party is represented by counsel.

[¶ 17] When Rule 34 was originally proposed, there was significant opposition to the rule because of concerns that domestic violence advocates would be engaging in the unauthorized practice of law. In response to these concerns, Bonnie Palacek, the executive director of the North Dakota Council on Abused Women's Services, wrote to the Supreme Court, stating:

> Since 1979, domestic violence advocates have been providing three services to victims which relate to the Protection Order process:
>
> 1) We have been assisting them in filling out petitions for the Orders by explaining what a petition is, how it moves through the court system, and what the various items mean;
>
> 2) We have been sitting with victims in courtrooms, sometimes at the front of the room at the counsel table;
>
> 3) We have been responding to requests for information from the judge.
>
> . . . .
>
> We are asking an affirmation of what we have been doing since 1979. We are not asking an extension of that role.

[¶ 18] To the extent there may be any ambiguity, testimony addressing the proposed administrative rule demonstrates that the role of domestic violence advocates in this process was to be a limited one. Administrative Rule 34 was not intended to allow domestic violence advocates to speak on behalf of victims, introduce evidence, or examine witnesses. In this case, the advocate prepared legal documents, conducted direct and redirect examination of Nichole Francis during a hearing, introduced evidence, and asserted objections. The advocate's actions went far beyond the scope of the rule.

[¶ 19] In addition, there was serious misconduct on the part of the advocate beyond merely impermissible participation in the proceedings. The advocate at the second court date misled the court by telling the judge it was the respondent who had requested the continuance at the first time set for the hearing. The record reflects ·it was the advocate who sought the continuance at the first hearing time, and the judge never asked the respondent whether he had any objection to the continuance. At the outset of the second hearing time, the respondent advised the court he had secured legal representation—giving the name of the firm—but needed time for the lawyer to be present. Were it not for the advocate's misrepresentation to the court, it is likely a continuance would have been granted in the interest of justice at the second scheduled time for the hearing.

[¶ 20] Finally, I would suggest, as the United States Supreme Court suggested in *Turner v. Rogers,* —— U.S. ——, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011), there are better ways to secure justice through neutral engagement by the judge or referee. Neutral engagement—where the judge explains, inquires, and clarifies—may provide the "additional or substitute procedural safeguards" that comply with the Due Process Clause. *Id.* at 2518. *See also* Richard Zorza, *Turner v. Rogers: Improving Due Process for the Self–Represented,* National Center for State Courts, Future Trends in State Courts 2012, available at http://ncsc.contentdm.oclc.org/cdm/ref/collection/accessfair/id/239; Judge Gary Clingman, *The Self Represented Litigant in Your Court–A Quandary,* National Judicial College News (Jan. 13, 2014), http://www.judges.org/news/news011314.html. The process employed in this case, one-

sided advocacy and use of a detached-judicial model, appears to result, in the words of the United States Supreme Court, in "an asymmetry of representation that would 'alter significantly the nature of the proceeding'" that "could make the proceedings *less* fair overall." *See Turner*, at 2519. Simply stated, provided the respondent is given "adequate notice of the importance of [issues], fair opportunity to present, and to dispute, relevant information, and court findings," the judicial officer can explain the law, make inquiry, and clarify in a neutral manner in order to do justice within the framework of the law. *See id.* at 2520.

[¶ 21]  DALE V. SANDSTROM